IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00391-RMR-NRN

LEGACY PARTNERS, LLC;
KIRK ELLIOTT PhD PRIVATE ADVISORS, LLC;
ASHLEY KUNKLE, LLC;
THE MODERN CLASSIC, LLC;
A&N INVESTMENTS, LLC;
KIRK-ELLIOTT;
ASHLEY KUNKLE;
AARON WEBB; and
RILEY CANADA,

      Plaintiffs,

v.

TERAH OTT;
FTM WEALTH, PLLC; and
FTM WEALTH LLC,

      Defendants.

---

TERAH OTT;
FTM WEALTH, PLLC; and
FTM WEALTH LLC,

      Counterclaimants,

v.

LEGACY PARTNERS, LLC; and
KIRK ELLIOTT

      Counterclaim Defendants.

---

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS THE
THIRD AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
(ECF No. 146)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court on Defendants Terah Ott, FTM Wealth, PLLC, and FTM Wealth, LLC's (collectively, "Defendants") Motion to Dismiss the Third Amended Complaint for Lack of Subject Matter Jurisdiction ("Motion to Dismiss"). ECF No. 146. The Motion to Dismiss was referred to the undersigned by Judge Regina M. Rodriguez. ECF No. 147. Plaintiffs Legacy Partners, LLC, Kirk Elliott PhD Private Advisors, LLC, Ashley Kinkle, LLC, Modern Classic, LLC, and A&N Investments, LLC (collectively, "Plaintiffs") filed a response. ECF No. 155. Defendants filed reply. ECF No. 156. The Court heard argument on February 18, 2026, *see* ECF No. 157, and permitted supplemental briefing, which was filed by Plaintiffs on March 2, 2026, ECF No. 161, and Defendants on March 9, 2026, ECF No. 163.

The Court has taken judicial notice of the Court's file, considered the applicable Federal Rules of Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court **RECOMMENDS** that the Motion to Dismiss be **DENIED**.

## I.      BACKGROUND

In the most general terms, this lawsuit concerns allegations that Defendants conspired to provide Plaintiffs with an unlawful tax strategy and, in the process, bilk them out of millions of dollars, while leaving them exposed to penalties for filing flawed tax returns. *See generally* ECF No. 123 (Third Am. Compl. and Jury Demand ("TAC")).[1] The intricacies of the purported scheme are not especially relevant to the narrow issue before the Court, which is whether complete diveristy exists under 28 U.S.C. § 1332.

---

[1] All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Defendants argue that the Court does not have subject matter jurisdiction because Defendant Terah Ott and the members of Defendants FTM Wealth, LLC and FTM Wealth, PLLC are Colorado citizens, as are several Plaintiffs. Therefore, Defendants move to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). As the party seeking to invoke the jurisdiction of this court, Plaintiffs bear the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction") (quoting *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)).

"A Rule 12(b)(1) challenge to subject matter jurisdiction can be either facial or factual." *Ratheal v. United States*, No. 20-4099, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021), *cert. denied*, 142 S. Ct. 772 (2022), *reh'g denied*, 142 S. Ct. 1195 (2022). A

3

facial challenge tests the sufficiency of the complaint's allegations as to subject matter jurisdiction, and allegations within the complaint are accepted as true. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A factual challenge tests "the actual facts upon which subject matter jurisdiction is based." *Id.* When reviewing a factual attack, the Court may look beyond the complaint and has wide discretion to consider documentary and even testimonial evidence. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002). Defendants mount a factual challenge, as their Motion to Dismiss is supported by Declarations of Dr. Ott and Defendant Tereh Ott about where they (and their children) are domiciled. *See* ECF Nos. 146-1, 156-1, & 163-1.[2]

### III.    ANALYSIS

#### a.  Diversity Jurisdiction

28 U.S.C. § 1332 states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

---

[2] Defendants argue in their Motion to Dismiss that the TAC is also facially defective because it does not list the citizenship of all the members of Defendant FTM Wealth, LLC. *See* ECF No. 146 at 7–8. At the February 18, 2026 hearing, however, it was noted that the Corporate Disclosure Statement of FTM Wealth LLC, ECF No. 92, which is essentially identical what is alleged in the TAC, was incomplete and/or inaccurate. Defendants filed an Amended Corporate Disclosure Statement of FTM Wealth LLC, which purports to identify all its constituent entities and tiers of ownership. ECF No. 158. The Court will therefore focus its analysis on Defendants' factual challenge.

Generally, "the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569–70, (2004). Relevant to this case, "an amendment can either destroy or create jurisdiction in an original diversity case. The addition of a non-diverse party in such a case typically destroys diversity jurisdiction, requiring the case's dismissal." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 37 (2025).

"For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d  1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. However, residency is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

In assessing the citizenship of an unincorporated entities like limited liability companies ("LLC") or limited partnerships ("LP"), the Court looks to the citizenship of each of the entity's members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 (10th Cir. 2015) ("only those state-created entities that are corporations, in the traditional understanding of that word, will be treated as a person for purposes of diversity jurisdiction"); *see also Carden v. Arkoma Assocs.,* 494 U.S. 185, 195 (1990) (holding that when an artificial legal entity besides a corporation sues or is

sued, diversity is determined by looking to the citizenship of the entity's members). An

LLC/LP is deemed to be a citizen of all the states of which its members are citizens.

*See Siloam Springs Hotel*, 781 F.3d at 1237–38 ("[I]n determining the citizenship of an

unincorporated association for purposes of diversity, federal courts must include all the

entities' members.").

> When an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court.

*Stevens Engineers & Constructors, Inc. v. MarkWest Liberty Midstream & Res. LLC*,

No. 14-cv-00054-RBJ, 2014 WL 2922631, at *2 (D. Colo. June 27, 2014) (citation

omitted).

The Tenth Circuit has provided guidance on who has the burden of proof when

citizenship is in question:

> Start with the rule that a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence. *See Mid–Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871, 873 (10th Cir. 1940). The party invoking diversity jurisdiction might satisfy this burden by leaning on a rebuttable presumption that its domicile, once established, remains the same. *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353, 22 L. Ed. 584 (1874) ("A domicile once acquired is presumed to continue until it is shown to have been changed."); *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).
>
> But that presumption is a rebuttable one, and the party seeking to rebut it bears only a burden of production—not persuasion. In other words, the party seeking to rebut the presumption need only produce sufficient evidence suggesting that domicile has changed; the party need not prove it. *Dyer*, 19 F.3d at 519; *accord* 13E Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3611, at 520 (3d ed. 2009). As a definitional matter, a party produces *sufficient evidence* when it produces "enough evidence substantiating a change [in domicile] to withstand a motion for summary judgment or judgment as a matter of law on the issue." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 288 (3d Cir. 2006). And if a

6

party successfully rebuts the presumption, it disappears from the case, leaving us at square one: The plaintiff bears the burden of proving diversity by a preponderance of the evidence. *See id*. at 287–88 (summarizing the law in this area); Fed. R. Evid. 301 (explaining presumptions).

*Middleton*, 749 F.3d at 1200.

The Court must consider the totality of the circumstances in determining a person's domicile for diversity jurisdiction purposes. *Id.* at 1200–01. "It's an all-things-considered approach, and any number of factors might shed light on the subject in any given case." *Id*. at 1201. Those factors might include

the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.

*Id.* (quoting 13E *Wright & Miller's Federal Practice & Procedure* § 3612 (3d ed. 2009)); *see also Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (citing the same factors).

### b. The Defendants

According to its Amended Corporate Disclosure Statement, dated February 23, 2026, ECF No. 158, FTM Wealth, LLC is a Wyoming limited liability company. As of April 17, 2025—the date FTM Wealth, LLC was added as a party via the filing of the First Amended Complaint ("FAC"), ECF No. 45—FTM Wealth, LLC's members were: (1) LesSept LLC, a Texas limited liability company, and (2) Gavriel, LP, a Texas limited partnership. The members of LesSept LLC are the Otts' five children and Gavriel, LP. The limited managing general partner of Gavriel, LP is Magen LLC, a Texas limited liability company, whose sole member is the NTO Trust. The trustee of the NTO Trust is

Ben Sheets, a citizen of Texas.[3] Nathaniel and Terah Ott are the limited partners of Gavriel, LP. Defendants state that all the Otts were and are citizens of Colorado.

In the Amended Corporate Disclosure Statement of FTM Wealth, PLLC, ECF No. 159, Terah Ott is identified as the entity's sole member. And in her Rule 7.1 Disclosure Statement, ECF No. 160, Ms. Ott states that, as of February 5, 2025 (the date the lawsuit was filed), she was a citizen of Colorado and "[a]ll prior statements stating or suggesting that Terah Ott was, on February 5, 2025, a citizen of Texas are inaccurate and disavowed."

These amendments and clarifications were necessary because in FTM Wealth, PLLC's original Corporate Disclosure Statement, dated April 8, 2025, ECF No. 40, Ms. Ott, the sole member, is identified as being a citizen of Texas, and in FTM Wealth, LLC's original Corporate Disclosure Statement, dated June 11, 2025, ECF No. 92, the members are identified as "Terah Ott, a citizen of Texas, Nathaniel Ott, a citizen of Texas, and LesSept, LLC, a Texas limited liability company."

### i.    The Ott Children

As an initial matter, the parties agree that the citizenship of the minor Ott children, which is relevant because they are members of LesSept LLC, follows that of their parents. *See* ECF Nos. 161 at 2, 163 at 2–3. That is because "an infant is not capable of forming the requisite intent to establish independent citizenship." *Wilson ex*

---

[3] Although the Amended Corporate Disclosure Statement of FTM Wealth LLC does not specify what type of trust NTO Trust is (i.e., a traditional trust vs. a non-traditional/business trust), counsel for Defendants confirmed that the NTO is a traditional trust. *See* ECF No. 161 at 4. Because the "citizenship of a traditional trust . . . depends only on the citizenship of its trustees," *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1304 (10th Cir. 2025), and NTO Trust's trustee is a citizen of Texas, NTO Trust is likewise a citizen of Texas for diversity purposes.

*rel. Wilson v. Kimble*, 573 F. Supp. 501, 503 (D. Colo. 1983); *see also Holyfield*, 490 U.S. at 48 ("Since most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents."). Therefore, if Terah Ott and Nathaniel Ott are found to be citizens of Texas, their children are as well.

### ii.    Terah Ott

Turning to Defendant Terah Ott, the Court first notes that Defendants did not raise the question of her citizenship anywhere in the Motion to Dismiss or their first reply brief. These filings instead focus only on the citizenship of Ms. Ott's husband, Dr. Ott. *See* ECF Nos. 146 & 156. Defendants asserted that Ms. Ott was a citizen of Colorado for the first time (and only in response to the Court's questioning at oral argument) on February 23, 2026, in the Rule 7.1 Disclosure of Terah Ott, ECF No. 160, and on March 9, 2026, they filed their reply to Plaintiffs' supplemental response, ECF No. 163, arguing that Ms. Ott's Colorado citizenship destroys diversity. This was over a year after the lawsuit was filed and Ms. Ott was first named as a party. Although parties cannot waive subject-matter jurisdiction and can challenge it at any time prior to final judgment, *see City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017), the Court bears in mind Ms. Ott's original position when considering the totality of the circumstances vis-à-vis her domicile.

Next, Plaintiffs point out that Ms. Ott's claim of Colorado citizenship flies in the face of no less than 18 representations made by Defendants (through at least four attorneys) that Ms. Ott was a citizen of Texas. *See* ECF No. 161 at 3–5 (listing instances). These includes allegations and admissions in pleadings, *see* ECF Nos. 29, 90, 105, & 134; corporate disclosure statements, *see* ECF Nos. 40 & 90; statements by

9

her counsel to the Court during a scheduling conference, *see* ECF No. 161 at 19; and

"averments of fact" in a motion to disqualify Plaintiffs' counsel, which was supported by

Ms. Ott's sworn declaration, *see* ECF Nos. 30 & 30-1.

Defendants argue that all of these prior statements were erroneous legal

conclusions, not binding facts. Defendants contend that the amended disclosure

statements rectify these errors and her declaration, ECF No. 163-1 at 1–7,

demonstrates that Ms. Ott is a citizen of Texas. The Court is not persuaded.

First, the Court notes that Ms. Ott's declaration is self-serving. This "does not

mean that [it] must be discarded by the trier of the facts, who, on the contrary, may

choose to give credence to [it]." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

But "[a] number of circuit courts have determined that a party's statements of intent

regarding domicile, when contradicted, are afforded little weight." *Hawkinson v. Obrien*,

No. 18-cv-03022-PAB-KMT, 2019 WL 2173925, at *2 (D. Colo. May 20, 2019) (citing

cases). Here, Ms. Ott's statements are contradicted by her course of conduct in this

litigation, along with other factors. So, while the Court will give her statements regarding

domicile fair consideration, they are not entitled to controlling weight.

Next, Ms. Ott claims that she made these numerous, inaccurate statements

regarding her citizenship because she did not understand the law and mistakenly

believed that she could "pick and choose which state's citizenship to identify with," and

that she "felt comfortable saying (through counsel) that I was a citizen of Texas because

my husband and I owned a home in Texas (even though we did not reside in Texas)."

ECF No. 163 at 6 ¶ 23. This is not an especially credible explanation. Given that the

Otts owned homes in both Texas and Colorado, it is unclear why Ms. Ott would feel

10

"comfortable" claiming to be a Texas citizen when purportedly neither she, her husband, nor her children actually resided in that state. Moreover, Ms. Ott is an attorney who was licensed to practice law in Texas, although, as of December 29, 2025, her license was subject to administrative suspension by that state's bar. ECF No. 134 at 3 ¶ 6. Every attorney, practicing or not, has taken a course in federal civil procedure, of which even a rudimentary understanding would put Ms. Ott on notice that her interpretation of the law was, at the very least, incomplete. The fact that Defendants did not raise this argument in the Motion to Dismiss, when they presumably had in their possession all the evidence they submitted in their supplemental brief, also weakens it.

Significantly, Ms. Ott was not a passive party in this lawsuit. On March 27, 2025, she, individually and as a member of FTM Wealth PLLC, filed a Third-Party Complaint against Kirk Elliott, a Colorado citizen, and cited 28 U.S.C. § 1332 as the jurisdictional basis. ECF No. 29 at 18–19, ¶¶ 1, 2, 4, & 6. Diversity jurisdiction would not exist as to this third-party complaint if, as Ms. Ott claims, she was a Colorado citizen on this date. Indeed, as late as December 2025, less than a month before the subject Motion to Dismiss was filed, an Answer to Third Amended Complaint and Jury Demand was submitted by "Defendants FTM Wealth, PLLC . . ., and Terah Ott, i*n her capacity as an attorney*," ECF No. 134 at 1 (emphasis added), in which these parties "admit that Ms. Ott is a citizen of Texas." *Id.* at 3 ¶ 6.

Moreover, the record contains two Rule 7.1 disclosures that state that Ms. Ott was a citizen of Texas. *See* ECF Nos. 40 & 92. Rule 7.1(a)(2) requires that parties disclose the identity of all persons and entities whose citizenship may be attributed to them. "The purpose of this amendment was to facilitate the determination of party

11

citizenship for purposes of diversity jurisdiction." 5 *Wright & Miller's Federal Practice & Procedure* § 1198 (4th ed.). Similarly, when the Court explicitly asked Ms. Ott's counsel if "she is a Texas citizen or a Colorado citizen for purposes of diversity jurisdiction," the answer was an unambiguous, "She is a Texas citizen for purposes of diversity jurisdiction." ECF No. 161 at 21.

The parties disagree on whether these representations can be deemed binding judicial admissions as to Ms. Ott's citizenship. There is authority on both sides, although the Court leans toward Plaintiffs' position that, at least under the unusual circumstances of this case, Ms. Ott has admitted that she is a Texas citizen. *See Stevens v. Stryker Corp.*, No. 12-cv-63-BBC, 2013 WL 12109101, at *3 (W.D. Wis. May 9, 2013) (finding a judicial admission sufficient to establish jurisdiction where the plaintiff alleged in her amended complaint that she is a citizen of Virginia, and the defendants admitted that in their answer); *Timmons v. Linvatec Corp.*, No. CV09 7947RSSX, 2010 WL 2402918, at *1 (C.D. Cal. Jan. 14, 2010) ("Plaintiffs' Complaint expressly states that both Plaintiffs are citizens of Arizona, not California. . . . The citizenship allegations in the Complaint constitute a judicial admission that Plaintiffs cannot now controvert by their moving papers."). However, the Court need not decide this issue. It can undisputedly consider the numerous statements found in the record where Ms. Ott alleged or admitted that she was a citizen of Texas as factor in deciding this mixed question of fact and law. These numerous assertions, coupled with the fact that Ms. Ott has a Texas, not Colorado, driver's license, and is registered to vote in Texas, leads the Court to conclude that, considering the totality of the circumstances, a preponderance of the

evidence shows that Ms. Ott was domiciled in Texas as of February 5, 2025, the date this case was filed.

### iii.    Dr. Nathaniel Ott

The citizenship of Dr. Ott presents a different, closer question. Dr. Ott is not an attorney, and while he was named as party in the TAC, he was dismissed before he filed an answer. *See* ECF No. 145. Therefore, the case for emphasizing court filings in which FTM Wealth, LLC averred that Dr. Ott, one of its members via Gavriel, LP, is a citizen of Texas, is weaker, although statements made by his attorney spouse may have some relevance to the Court's "all-things-considered" analysis.

Instead, the Court will focus on the evidence submitted by both parties as to Dr. Ott's domicile on April 17, 2025, the date the FAC, which added FTM Wealth, LLC as a party, was filed.

In his first declaration, dated January 21, 2026, Dr. Ott explained that, although he was living in Arizona in April 2025 (he was on temporary assignment as commander of the 610th Command and Control Squadron), he had intended to reside indefinitely in Colorado since at least December 2024, when Ms. Ott and his children moved to Boulder from Tucson. *See* ECF No. 146-1 ¶¶ 5–7, 9. After the completion of his command tour in Tucson, Dr. Ott returned to the home in Boulder, Colorado, where he continues to reside. *Id.* ¶ 8.

In response, Plaintiffs contend that FTM Wealth, LLC's numerous assertions that Dr. Ott is/was a citizen of Texas are consistent with his conduct. They point out that as of January 21, 2026—the date the Motion to Dismiss was filed, and many months after FTM Wealth, LLC was added as a party—Dr. Ott (1) was registered to vote in Texas; (2)

13

had a Texas driver's license with a Dallas address that issued on November 17, 2025;

(3) was registered with the Texas Department of Motor Vehicles ("DMV") as the owner

of at least three vehicles at an address in Odessa, Texas; and (4) his professional

licenses listed his address or primary practice address as being in Texas. ECF No. 155-

1 at 21–23. Conversely, prior to January 21, 2026, Dr. Ott was not registered to vote in

Colorado, had not been issued a Colorado driver's license, and was not the registered

owner of any vehicles with the Colorado DMV. *Id.* Dr. Ott also works for a Texas

business and has not filed Colorado taxes.

Dr. Ott submitted another declaration, dated February 17, 2026, to rebut these

claims. ECF No. 156-1. He described a chaotic period where, due to his military

assignments and his job as travel-based emergency physician, he and his family

established residencies in several states, and he travelled extensively for work,

including commuting to and from Texas. *Id.* at 2–3 ¶¶ 2–3, 9. Dr. Ott states that his use

of a Texas mailing address "does not reflect an intent to remain in Texas, but rather the

practical realities of frequent relocation before establishing a permanent home in

Colorado." *Id.* at 4 ¶ 12. In other words, he did not want to have to change his mailing

address every time his military service required that he move. Dr. Ott further states that

he plans on filing a Colorado tax return for the tax year 2025, *id*. ¶ 11, and he explained

that he renewed his driver's license in Texas because of "travel logistics and time

constraints." *Id.* at 5–6 ¶¶ 16–18. He points out that he receives military correspondence

at his Boulder address, had surgery at a Boulder clinic in April 2023, and has enrolled

his children in Boulder schools since January 2025. *Id* at 4–5, 7 ¶¶ 13–15,

14

Considering the totality of the circumstances, the Court finds that Plaintiffs have established by a preponderance of the evidence that, as of April 17, 2025, Dr. Ott was a citizen of Texas. First, as discussed in detail above, his wife, through her statements and actions, was domiciled in Texas as of February 5, 2025. Second, Dr. Ott is registered to vote in Texas and has not voted in Colorado. Third, while the Otts own and currently reside in a home in Boulder, Colorado, they also own a home in Dallas, Texas. Fourth, this Dallas address is found on Dr. Ott's driver's license, which he renewed *in November 2025*, after FTM Wealth, LLC was added as a party. Although Dr. Ott's explanation for why chose to replace his lost license in Texas makes some sense, the Court cannot ignore that Texas law states that the DMV "may not issue a driver's license or a personal identification certificate to a person who has not established a *domicile* in this state." Tex. Transp. Code § 521.1426(a) (emphasis added). Moreover, Colorado law requires non-exempt individuals to obtain a Colorado driver's license within 30 days of becoming a Colorado resident, *see* Colo. Rev. Stat. § § 42-2 102(2), which Dr. Ott did not (and has not) done. Fifth, Dr. Ott registered his vehicles in Texas, not Colorado. Sixth, Dr. Ott's professional licenses list his address as being in Texas. Plaintiffs note that Texas and Colorado law require physicians to promptly update any changes in address with the appropriate authorities; Dr. Ott did not address this point. Seventh, Dr. Ott is employed by a Texas company. Finally, Dr. Ott's most recent tax returns for the 2024 tax year, which were necessarily filed in 2025, lists his home address as being in Texas.

The factors that might support a finding of Colorado citizenship do not outweigh this objective evidence. Like his wife's, Dr. Ott's declarations are self-serving and

15

contradicted by Plaintiff's objective evidence, so the Court affords them less-than-controlling weight. It is true that Dr. Ott received mail from the military at the Boulder address. But this fact is not determinative, especially because he was receiving mail there prior to the date that he claims he became a Colorado citizen. *See* ECF No. 156-1 at 10–15 (documents from 2023 and 2024). The Boulder surgical procedure was performed in 2023, *see id.* at 21–28, and likewise has limited relevance.

The Otts undisputedly reside in Boulder, Colorado. But residency is not synonymous with domicile, and the couple's statements and actions demonstrating their Texas citizenship have consequences. The Court has subject matter jurisdiction over this lawsuit.

## IV.    RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendants Terah Ott, FTM Wealth, PLLC, and FTM Wealth LLC's Motion to Dismiss the Third Amended Complaint for Lack of Subject Matter Jurisdiction, ECF No. 146, be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions.**

*Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*,

91 F.3d 1411, 1412–13 (10th Cir. 1996).

Dated: August 5, 2026
   Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge